**BUCKS COUNTY SOLICITOR'S OFFICE**  Attorney for Defendants
BY:  MICHAEL A. KLIMPL, ESQUIRE  County of Bucks
Assistant County Solicitor  J. Allen Nesbitt
Attorney I.D. No. 16116
Administration Building
55 East Court Street
Doylestown, PA  18901
(215) 348-6464

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH MACCLEMMY, IV : | CIVIL ACTION NO. 02-CV-4024 |
| v. : | |
| COUNTY OF BUCKS, and : | |
| WARDEN J. ALLEN NESBITT : | |

## ORDER

AND NOW THIS _____ day of _____, 2002, upon consideration of the within Motion, it is ORDERED AND DIRECTED that the Complaint against the County of Bucks and Warden J. Allen Nesbitt be dismissed with prejudice.

BY THE COURT:

_____
J.

**BUCKS COUNTY SOLICITOR'S OFFICE**             Attorney for Defendant{PRIVATE }s
BY:  MICHAEL A. KLIMPL, ESQUIRE                 County of Bucks
Assistant County Solicitor                      J. Allen Nesbitt
Attorney I.D. 16116
Administration Building
55 East Court Street
Doylestown, PA  18901
(215) 348-6464

_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH MACCLEMMY, IV               :  | CIVIL ACTION NO. 02-CV-4024 |
|       vi.                                     :  | |
| COUNTY OF BUCKS, and              :  | |
| WARDEN J. ALLEN NESBITT       :  | |

### MOTION TO DISMISS PURSUANT TO
### FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)
### OF DEFENDANTS COUNTY OF BUCKS,
### AND WARDEN J. ALLEN NESBITT

The above noted defendants by their attorney, Bucks County Solicitor's Office, move the Court to dismiss the Plaintiff's Complaint and in support thereof set forth the following:

1. The Complaint fails to state a claim under 42 U.S.C. Section 1983 in that negligence and/or medical malpractice do not form a basis for such claim.

2. The Complaint fails to state a claim under 42 U.S.C. Section 1983 in that *respondeat superior* is not a basis for such claim.

3. The pendant state claim should be dismissed.

4. Plaintiff has not stated a claim for punitive damages.

5. Defendants incorporate by reference their Memorandum of Law in Support of Motion to Dismiss.

WHEREFORE, it is respectfully requested the Complaint be dismissed with prejudice.

        Respectfully submitted,
        Bucks County Solicitor's Office


By: _____
     Michael A. Klimpl, Esquire
     Assistant County Solicitor
     Administration Building
     55 East Court Street
     Doylestown, PA 18901

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH MACCLEMMY, IV | : | CIVIL ACTION NO. 02-CV-4024 |
| | : | |
| vii. | : | |
| | : | |
| COUNTY OF BUCKS, and | : | |
| WARDEN J. ALLEN NESBITT | : | |

**MEMORANDUM OF LAW OF DEFENDANTS
COUNTY OF BUCKS AND WARDEN J. ALLEN NESBITT
IN SUPPORT OF MOTION TO DISMISS**

I.   INTRODUCTION

Pursuant to 42 U.S.C. Section 1983, plaintiff has instituted the instant suit. Plaintiff alleges that on June 21, 2000, he was arrested by the Bristol Township Police Department and taken into custody. (Complaint, par. 21).

Plaintiff further alleges that during the time he was in the custody of the Bristol Township Police Department, his behavior was "'very strange'". (Complaint, par. 25).

Plaintiff further asserts that defendant officers "knew and/or witnessed Plaintiff . . . attempt to throw himself into a wall while waiting in the processing room at the Bristol Township Police Department." (Complaint, par. 26), and that while he was in the custody of the Bristol Township Police, the police "witnessed additional strange and unusual behavior." (Complaint, par. 27-30).

Plaintiff further avers that following his arraignment he was transferred to the Bucks County Correctional Facility. (Complaint, par. 31).

1

According to the Complaint, on June 22, 2000, at approximately 1:56 a.m., a Bucks County correctional officer found plaintiff on his cell floor bleeding. (Complaint, par. 34).

According to the Complaint, the officer who found plaintiff on the floor of his cell heard him strike the cell room floor and believes plaintiff jumped from the toilet in the cell head first onto the floor. (Complaint, par. 34).

Plaintiff avers that as a result of his injury in the Bucks County Correctional Facility, he sustained "severe personal injuries" including a skull fracture, loss of earning capacity and emotional distress, incurred various medical expenses and suffered financial losses. (Complaint, par. 35, 64, 66, 67, 68, 69)

Plaintiff, by this Complaint, attempts to impute the alleged knowledge of his strange behavior by the Bristol Township Police Department, to the County of Bucks.

For the reasons sets forth below, the Complaint should be dismissed with prejudice as to defendants County of Bucks and J. Allen Nesbitt.[1]

II.  ARGUMENT
    A.  Plaintiff has failed to state a claim under 42 U.S.C. Section 1983 in that negligence and/or medical malpractice cannot form the basis of such claim.

    1.  Negligence

Although Section 1983 "creates a species of tort liability," Imbler v. Pachman, 424 U.S 409, 417, 96 S.Ct. 984, 988, 47 L.Ed.2nd 128, 135 (1976), it does so only for deprivations, under color of state law, of federal statutory or constitutional rights. Case law clearly establishes that evidence giving rise to a common law tort does not necessarily establish a claim under Section

---

[1] The caption of the Complaint refers to "County of Bucks". The body of the Complaint refers to "Bucks County." This Memorandum will refer to the "County of Bucks" meaning, of course, Bucks County as well. Both the County of Bucks and Warden J. Allen Nesbitt will sometimes be referred to jointly as the "County Defendants."

2

1983. Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 442 (1979). "Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." Daniels v. Williams, 474 U.S. 327, 332, 106 S.Ct. 662, 666, 88 L.Ed.2d 662, 669 (1986). Indeed, the Supreme Court, in Paul v. Davis, 424 U.S. 693, 701, 96 S.Ct. 115, 1160, 47 L.Ed.2d 405, 413, (1976), specifically rejected the argument that the Constitution is "a font of tort law to be superimposed upon whatever systems may already be administered by the states."

Only egregious conduct comes under the ambit of Section 1983. Howell v. Cataldi, 464 F.2d 272, 282 (3d Cir. 1972); Rhodes v. Robinson, 612 F.2d 766, 771 (3d Cir. 1979); Shillingford v. Holmes, 634 F.2d 263, 265 (5th Cir. 1981) "Not every push or shove, even if it may seem unnecessary in the peace of the judge's chambers, violates a prisoner's constitution rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 329 (1973); County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 130 L.Ed.2d 1043 (1998); Collins v. Harker Heights, 503 U.S. 115, 129, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).

Mere negligence is not sufficient for substantive due process liability. Daniels v. Williams, supra., Nicin v. Morra, 212 F.3d 798 (3rd Cir. 2000).

    2.    Medical Malpractice

A claim for inadequate or deprivation of medical treatment under Section 1983 may implicate the Eighth Amendment's prohibition of cruel and unusual punishment made applicable to the States by the Fourteenth Amendment. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285,

291, 50 L.Ed.2d 251 (1976).[2]

In order to show that his medical treatment violated his Eighth Amendment rights, a plaintiff must present "facts or omissions sufficiently harmful to evidence deliberate indifference to such prisoner's serious medical needs". Id. 409 U.S. at 105, 97 S.Ct. at 29. Only the "unnecessary and wanton infliction of pain implicates the Eighth Amendment." Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 271 (1991) (citations and quotations omitted).

"Inadvertent failure to provide medical care is not a violation of the Eighth Amendment" Stroud v. Roth, 741 F.Supp. 559 (E.D. Pa. 1990). Adequacy of care where received is generally not for the courts to second guess (Id.). "More than mere tortious conduct must be alleged" Mitchell v. Hendricks, 431 F. Supp. 1295 (E.D. Pa. 1977).

As our Court of Appeals has stated:

> [T]his test affords considerable latitude to prison medical authorities in the diagnosis and treatment of medical problems of inmate patients. Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . . [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made.

Inmates of Allegheny County Jail, 612 F. 2d 754, 762 (3d Cir. 1979)(internal quotations and citations omitted).

In Farmer v. Brennen, 511 U.S. 825, 839, 114 S.Ct. 1970, 128 L.Ed. 2d 811 (1994), the United States Supreme Court set forth two requirements that must be met in order for a claim to state an Eighth Amendment violation based on deprivation of medical treatment. First, the

---

[2] Assuming plaintiff was a pretrial detainee, the Eighth Amendment would be inapplicable; instead the Due Process Clause of the Fourteenth Amendment imposes standards at least equal to those for sentenced prisoners. City of Revere v. Massachusetts General Hospital, 465 U.S. 239 (1983); City of Canton v. Harris, 489 U.S. 378 (1989)

deprivation must be sufficiently serious from an objective point of view – the prisoner must show that the conditions of his incarceration pose a substantial risk of serious harm. Second, the prison official causing the harm must have acted with "deliberate indifference."

"Deliberate indifference" in turn was defined by the Court as subjective recklessness, or a conscious disregard of substantial risk of serious harm. The Court further held that an official shows deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety: the official must be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw the inference." Thus, deliberate indifference does not exist where an official simply fails to alleviate a significant risk that he should have identified.

The question is not what the prison official's mental attitude should have been, but what the mental attitude actually was. <u>Hamilton v. Leavy</u>, 117 F.3d 742 (3rd Cir. 1997); <u>Pearson v. Vaughn</u>, 102 F.Supp. 282 (E.D.Pa. 2000).

3.   <u>Plaintiff's Claims</u>.

As set forth above, plaintiff's essential claim is that the employees and warden of the Bucks County Correctional Facility should have known of the strange behavior plaintiff allegedly exhibited while in the custody of the Bristol Township Police and should have had plaintiff under stricter surveillance.

The gravamen of the complaint, therefore, is the alleged negligence of Bucks County Correctional Facility in adequately dealing with plaintiff. A civil rights claim founded on negligence, however, must fail for the reasons set forth above.

To the extent the claim is predicated upon inadequate medical attention, it also fails to meet the standards discussed above. In this regard, it is significant to note that the various counts against the County Defendants are stated in bald and conclusory terms, often with the qualifying "upon

5

information and belief," (or "believes therefore avers"). In addition, the counts, while couched in terms of deprivation of medical care, conspiracy, failure to train, assault, infliction of emotional distress, etc. all relate to allegedly inadequate supervision and not "deliberate indifference."

When considering a motion to dismiss, a "court need not credit a complaint's 'bald assertions' or 'legal conclusions,' Morse v. Lower Merion School District, 132 F.3d 902 (3rd Cir. 1997); In re Burlington Coat Factory, Securities Litigation, 114 F.3d 1410 (3 rd Cir. 1997); [C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

Federal pleading requirements are "real" and "not entirely a toothless tiger." Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996). The liberal pleading requirements of federal pleadings do no obligate a court "to swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." Rode v. Dellarciprete, 845 F.2d. 1195, 1207 (3d Cir. 1988).

The instant Complaint simply fails to set forth any basic facts from which a court could reasonably infer a constitutional violation and particularly the requisite state of mind of defendants (i.e. "deliberate indifference") to establish a Constitutional violation.[3] The Court should not permit this to go forward.

B.   *Respondeat Superior* is not a basis of liability.

---

[3] Plaintiff does not articulate what provisions of the Constitution defendants allegedly violated except for a general reference to the Fourth and Fourteenth Amendments.

6

A claim under 42 U.S.C. Section 1983 cannot be based on a theory of *respondeat superior*, whether such claim is brought against a local government, Monell vs. Dept. of Soc. Serv. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978) or such claim is brought against an individual.  Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976); Payton v. Vaughn; 798 F.Supp. 258, 260 (E.D. Pa. 1992); Rode v. Dellarciprete, 845 F.2d. 1195, 1207 (3d Cir. 1988); Bey v. Pennsylvania Department of Corrections, et al., 98 F.Supp.2d 650 (E.D.Pa. 2000); Despaigne v. Crolew, et al, 89 F.Supp.2d 582 (E.D.Pa. 2000).

In order to maintain a valid constitutional claim against the County Defendants, Plaintiff must demonstrate that the County Defendants had some personal involvement in, knowledge of, or acquiescence in any purported constitutional deprivation suffered by Plaintiff. Roach v. Kligman, 412 F.Supp. 521, 528 (E.D. Pa. 1976); Rode v. Dellarciprete, supra.

Clearly the County of Bucks, and Defendant Nesbitt have been named as defendants because of some type of alleged supervisory, training, instructing, (etc.), responsibilities and/or because of the alleged implication of alleged customs, policies and practices of the Bucks County Correctional Facility.

In an apparent effort to overcome the bar of a claim based on *respondeat superior*, Plaintiff's Complaint contains generalized and conclusory allegations as to the County Defendants' obligation to train, supervise, instruct, (etc.), and for failure to take measures to stop alleged policies, customs and practices which plaintiff "believes" may exist or have existed.

Such generalized and baseless allegations are not sufficient.  As noted above: "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."  Rode v. Dellarciprete, 845 F.2d. 1195, 1207 (3d Cir. 1988) supra. 845 F.2d at 1207. Boykins v. Ambridge Area School District, 621 F.2d 75, 80 (3d Cir. 1980) (civil rights complaint

7

adequate where it states time, place, persons responsible); accord, Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978).

In Rode v. Dellarciprete, supra., the Third Circuit affirmed the District Court's dismissal of a Section 1983 claim against Governor Thornburgh finding that plaintiff's assertion that the Governor was a proper defendant in a "retaliation" claim because of his awareness of and acquiescence in plaintiff's "retaliatory harassment" lacked the specificity to survive a motion to dismiss. The pleading was deemed inadequate because of its failure to allege knowledge and acquiescence "with the appropriate particularity" (emphasis added). Plaintiff's assertion that the Governor had "responsibility for supervising" the other defendants was deemed irrelevant.

The Court noted that plaintiff failed to show that the Governor had any necessary personal knowledge in the matters complained of and that instead the complaint was built upon the hypothesis that Governor Thornburgh had personal knowledge of the retaliatory harassment because of articles that appeared in newspapers throughout the state, through introduction of a legislative resolution seeking an investigation into racially motivated retaliation, as well as other collateral matters.

Conclusory allegations are simply inadequate to advance this type of claim. See Bey v. Pennsylvania Department of Corrections, et al., supra. 98 F.Supp.2d at 664. In Unterberg v. Correctional Medical Systems, Inc., 799 F.Supp. 490 (E.D.Pa. 1992), wherein plaintiff brought a claim based on alleged deliberate indifference to medical needs, the Court noted the stringent standards a plaintiff must meet and concluded that conclusory allegations could not support a Section 1983 claim against alleged policymakers of Lehigh County or the Correctional Medical Systems.

In the case at bar, Plaintiff has not plead with appropriate particularity any matters which

would take the claims against the County of Bucks or J. Allen Nesbitt beyond *respondeat superior*. In this regard, the Complaint fails to make any statements as to time and place of Defendants alleged personal involvement or acquiescence in the matters complained of, but relies upon bald and generalized "claims" some of which are based on plaintiff's "belief." Such "claims" do not support a suit under Section 1983.

      C.    <u>The Pendant state claims against the County Defendants should be dismissed.</u>

If the federal claims against the County Defendants are dismissed, the Court should also dismiss Count III of the Complaint, alleging a state law claim of intentional infliction of emotional distress. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

      D.    <u>Plaintiff has not stated a claim for punitive damages.</u>

Under <u>Smith v. Wade</u>, 461 U.S. 30, 51, 103 S.Ct. 1624, 1637, 75 L.Ed.2d 632 (1982) only "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law [are] sufficient to trigger a jury's consideration of the appropriateness of punitive damages." <u>Savarese v. Agrisis</u>, 883 F.2d 1194 (3d Cir. 1989); <u>Unterberg v. Correctional Medical Systems, Inc.</u>, <u>supra</u>.

In the case at bar, Plaintiff has failed to assert with "appropriate particularities" pleadings which would support a claim for punitive damages against Warden Nesbitt.

In addition punitive damage claims may not be awarded against municipal defendants, such as the County of Bucks. <u>City of Newport v. Fact Concepts, Inc.</u>, 453 U.S. 247(1981).

III.    CONCLUSION

Plaintiff, with few specific facts (which by themselves do not constitute federal civil right violations) has, by repetitive non-substantive averments based on little else but "belief," attempted to bootstrap this tort action into a viable federal claim. Plaintiff's efforts to do so, by, for example,

9

endlessly invoking the "magic" words of "policy," "custom" and "practices" should not be countenanced by this Court.

It is respectfully requested that the Complaint be dismissed with prejudice as to the County of Bucks and J. Allen Nesbitt.

Respectfully submitted,

_____
Michael A. Klimpl, Esq.
Assistant County Solicitor
Administration Building
55 East Court Street
Doylestown, PA  18901

1

## CERTIFICATION OF SERVICE

I, Michael A. Klimpl, do hereby certify that a true and correct copy of County Defendants' Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss were served on or about August 26, 2002, upon the following by placing the same in the United States mail, first class, postage prepaid addressed as set forth below:

> Benson I. Goldberger, Jr. Esq.
> 10th Floor
> 1515 Locust Street
> Philadelphia, PA  19102

_____
Michael A. Klimpl
Assistant County Solicitor

Date:  August         , 2002

1