IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE W. FANSLAU | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | ACTION NO. 02-CV-6944 |
| | : | |
| NEW JERSEY TRANSIT RAIL OPERATIONS, INC. | : | |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## ANSWER TO COMPLAINT

Defendant New Jersey Transit Rail Operations, Inc. submits the following answer and affirmative defenses to the complaint of plaintiff Wayne Fanslau.

## FIRST DEFENSE

1.	Defendant alleges that it is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's complaint.

2.	Defendant admits only that it is organized and existing in New Jersey as a public entity by virtue of the laws of the state of New Jersey and that its principal place of business is One Penn Plaza, Newark, New Jersey 07105. Defendant alleges that the remaining allegations contained in paragraph 2 of plaintiff's complaint are conclusions of law which require no response.

3.	Defendant alleges that the allegations contained in paragraph 3 of plaintiff's complaint are conclusions of law which require no response.

4.	Defendant admits only that it operates a passenger rail line in the state of New Jersey which links into Philadelphia, Pennsylvania. Defendant alleges that the remaining

DSL:58566.1

allegations contained in paragraph 4 of plaintiff's complaint are conclusions of law which require no response.

5. Defendant denies each and every allegation contained in paragraph 5 of plaintiff's complaint.

6. Defendant admits only that plaintiff was employed by defendant. Defendant alleges that the remainder of the allegations in paragraph 6 of plaintiff's complaint are conclusions of law which require no response. To the extent that the remainder of paragraph 6 contains factual allegations, defendant denies each and every other allegation contained in paragraph 6 of plaintiff's complaint.

7. Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's complaint.

8. Defendant admits only that plaintiff was employed by defendant. Defendant denies each and every other allegation contained in paragraph 8 of plaintiff's complaint.

9. Defendant denies that any injuries sustained by plaintiff were caused by any act or omission of New Jersey Transit or its agents, servants, workmen, and/or employees. Defendant alleges that it is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of plaintiff's complaint.

10. Defendant denies each and every allegation contained in paragraph 10 of plaintiff's complaint.

11. Defendant denies that any injuries sustained by plaintiff were caused by any act or omission of New Jersey Transit or its agents, servants, workmen, and/or employees. Defendant alleges that it is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of plaintiff's complaint.

12. Defendant denies that any injuries sustained by plaintiff were caused by any act or omission of New Jersey Transit or its agents, servants, workmen, and/or employees. Defendant alleges that it is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of plaintiff's complaint.

13. Defendant denies that any injuries sustained by plaintiff were caused by any act or omission of New Jersey Transit or its agents, servants, workmen, and/or employees. Defendant alleges that it is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of plaintiff's complaint.

WHEREFORE defendant New Jersey Transit Rail Operations, Inc. demands judgment in its favor and against plaintiff Wayne Fanslau, plus interest, costs, and attorneys fees.

## NEW MATTER

## SECOND DEFENSE

1. Plaintiff's complaint fails to state a claim for which relief can be granted.

## THIRD DEFENSE

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## FOURTH DEFENSE

3. Plaintiff's claims are barred in whole or in part by the doctrines of set off and/or recoupment.

## FIFTH DEFENSE

4. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## SIXTH DEFENSE

5. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**SEVENTH DEFENSE**

6. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**EIGHTH DEFENSE**

7. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**NINTH DEFENSE**

8. Plaintiff's claims are barred in whole or in part by the assumption of risk on the part of plaintiff.

**TENTH DEFENSE**

9. Plaintiff's claims are barred in whole or in part by the doctrines of comparative and/or contributory negligence of plaintiff.

**ELEVENTH DEFENSE**

10. Plaintiff's claims are barred in whole and/or in part by the immunities and limitation of damages in the New Jersey Tort Claims Act.

**TWELFTH DEFENSE**

11. Plaintiff's claim is barred in whole or in part by the collateral source doctrine.

**THIRTEENTH DEFENSE**

12. Plaintiff is not entitled to recover prejudgment interest.

**FOURTEENTH DEFENSE**

13. Plaintiff's claims are barred in whole or in part by the defenses and/or limitation of damages under the Federal Employers' Liability Act, the Federal Safety Appliance Act, and the Boiler Inspection Act.

**FIFTEENTH DEFENSE**

14.   If plaintiff sustained damages as alleged, any such damages being expressly denied by defendant, the damages were caused by the acts or omissions of persons or entities other than defendants, including without limitation, plaintiff.

**SIXTEENTH DEFENSE**

15.   Plaintiff has failed to mitigate his damages, if any.

**SEVENTEENTH DEFENSE**

16.   Plaintiff's alleged damages, if any, are based upon speculation, guess work and conjecture and were not proximately caused by any act or omission of defendant.

**EIGHTEENTH DEFENSE**

17.   Plaintiff's claims should be dismissed and/or transferred under the doctrine of forum non conveniens.

WHEREFORE defendant New Jersey Transit Rail Operations, Inc. demands judgment in its favor and against plaintiff Wayne Fanslau, plus interest, costs, and attorneys fees.

_____
Charlotte E. Thomas
Jodi L. Cagan
Attorneys for defendant New Jersey Transit
Rail Operations, Inc.

Of Counsel:
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
1650 Arch Street
22nd Floor
Philadelphia, PA 19102

Dated: December 3, 2002

# CERTIFICATE OF SERVICE

Charlotte E. Thomas hereby certifies that on December 3, 2002 she caused a true and correct copy of the defendant's answer to complaint to be served by first class mail, postage prepaid on the following counsel of record:

> Jeffery Scafaria, Esquire
> Suite 1000, The Bourse
> 111 S. Independence Mall East
> Philadelphia, PA 19104-2574

_____
Charlotte E. Thomas

DSL:58566.1