IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Our file #  796-69184

| | |
|---|---|
| **RALPH MACCLEMMY, IV**<br><br>vs.<br><br>**TOWNSHIP OF BRISTOL, et al.** | **CIVIL ACTION NO. 02-4024** |

**DEFENDANTS, TOWNSHIP OF BRISTOL, POLICE OFFICER CHARLES BURNS, POLICE OFFICER EMILY EICHENSEHR, POLICE OFFICER JOHN DOE AND POLICE CHIEF TOM MILLS' ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES  AND CROSSCLAIM AGAINST CO-DEFENDANTS**

1. Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

2. This averment refers to Defendants other than Answering Defendant, and, therefore, no answer is required.

3. This averment refers to Defendants other than Answering Defendant, and, therefore, no answer is required.

4. This averment refers to Defendants other than Answering Defendant, and, therefore, no answer is required.

5. This averment refers to Defendants other than Answering Defendant, and, therefore, no answer is required.

6. This averment refers to Defendants other than Answering Defendant, and, therefore, no answer is required.

7. This averment refers to Defendants other than Answering Defendant, and, therefore, no answer is required.

PH042590.1

8.  This averment refers to Defendants other than Answering Defendant, and, therefore, no answer is required.

9.  Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

10. This averment refers to Defendants other than Answering Defendant, and, therefore, no answer is required.

11. Admitted.

12. Admitted in part, denied in part. Answering Defendant, Mills admits that at all material times he was the police chief of Bristol Township. Answering defendant denies all other allegations in this paragraph as conclusions of law to which no answer is required.

13. Admitted in part, denied in part. Answering Defendant, Burns admits that at all material times he was a police officer at the Bristol Township Police Department. Answering defendant denies all other allegations in this paragraph as conclusions of law to which no answer is required.

14. Admitted in part, denied in part. Answering Defendant, Eichensehr admits that at all material times she was a police officer at the Bristol Township Police Department. Answering defendant denies the remaining allegations in this paragraph as conclusions of law to which no answer is required.

15. Denied.

16. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

17. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

PH042590.1

18. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

19. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

20. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

21. Admitted upon information and belief.

22. Admitted upon information and belief.

23. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

24. Denied. Answering defendant contends that the affidavit of probable cause is a document that speaks for itself.

25. Denied. Answering defendant contends that the investigation report is a document that speaks for itself.

26. Denied. Answering defendants contend that the Officers' statements, incident reports and investigation reports are documents that speak for themselves.

27. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

PH042590.1

28.    Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

29.    Admitted in part, denied in part. Answering Defendant, Eichensehr admits that she escorted plaintiff to court for arraignment of the charges of his arrest. She also admits that she observed him sitting "Indian style" on a chair at court quoting the bible. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

30.    Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

31.    Admitted upon information and belief.

32.    Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

33.    Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

34.    Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

35. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

36. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

37. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

38. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

39. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

40. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

41. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

42. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

43. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

44. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

45. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

**COUNT I-42U.S.C. 1983**
**RALPH MACCLEMMY VS. ALL DEFENDANTS**

46. Answering Defendant incorporates by reference its answers to all previous allegations in all previous counts as though same were fully set forth herein at length.

PH042590.1

47. Answering defendants specifically deny that they failed to institute and enforce appropriate and adequate police and prison procedures, policies, training and supervision in violation of plaintiff's rights. By way of further response, the averments contained in this paragraph state conclusions of law to which no answer is required.

48. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

49. Answering defendants specifically deny that they acted with deliberate indifference and in wilful disregard for the safety of plaintiff. By way of further response, the averments contained in this paragraph state conclusions of law to which no answer is required.

50. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

51. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

52. Denied. Answering defendants specifically deny that they acted with deliberate or reckless indifference, callous disregard or in an arbitrary or abusive manner towards the Plaintiff. By way of further answer, the remaining averments contained in this paragraph state conclusions of law to which no answer is required.

PH042590.1

53. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

54. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

55. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

56. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

57. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

58. Answering defendants specifically deny all allegations in paragraph 58 including sub-paragraphs (a)-(k). By way of further response, the averments contained in this paragraph state conclusions of law to which no answer is required.

59. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

60. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

61. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

62. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

63. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

PH042590.1

64. Answering defendants specifically deny that they acted malicious, intentional, reckless at any time material to plaintiff's allegations. By way of further response, the averments contained in this paragraph state conclusions of law to which no answer is required.

65. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

66. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

67. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

68. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

69. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

70. Answering defendants specifically deny that they acted malicious, intentional, reckless and/or displayed such a reckless and deliberate indifference toward the plaintiff's rights and well being. By way of further response, the averments contained in this paragraph state conclusions of law to which no answer is required.

**WHEREFORE**, defendants, Township of Bristol, Police Officer Charles Burns, Police Officer Emily Eichensehr, Police Officer John Doe and Police Chief Tom Mills hereby demand that judgment be entered in their favor and against plaintiff(s), with an award of attorney's fees and costs associated with the defense of this litigation.

## COUNT II- 42 U.S.C.1983
## RALPH MACCLEMMY VS. ALL DEFENDANTS

71. Answering Defendant incorporates by reference its answers to all previous allegations in all previous counts as though same were fully set forth herein at length.

72. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

73. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

74. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

75. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

76. Answering defendants specifically deny that they acted malicious, intentional, reckless at any times material to the allegations of plaintiff's Complaint. By way of further response, the averments contained in this paragraph state conclusions of law to which no answer is required.

77. Answering defendants specifically deny that they acted malicious, intentional, reckless and/or displayed such a reckless and deliberate indifference toward the plaintiff's rights and well being. By way of further response, the averments contained in this paragraph state conclusions of law to which no answer is required.

PH042590.1

**WHEREFORE**, Township of Bristol, Police Officer Charles Burns, Police Officer Emily Eichensehr, Police Officer John Doe and Police Chief Tom Mills hereby demand that judgment be entered in their favor and against plaintiff(s), with an award of attorney's fees and costs associated with the defense of this litigation.

**COUNT III-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**RALPH MACCLEMMY vs. WARDEN NESBITT, POLICE CHIEF MILLS, POLICE OFFICER BURNS, POLICE OFFICER EICHENSEHR, POLICE OFFICER JOHN DOE, CORRECTIONAL OFFICER JOHN DOE #1, CORRECTIONAL OFFICER JOE DOE #2, SERGEANT JOHN DOE, LIEUTENANT JOHN DOE, AND CAPTAIN JOHN DOE**

78. Answering Defendant incorporates by reference its answers to all previous allegations in all previous counts as though same were fully set forth herein at length.

79. Answering defendants specifically deny all allegations that they acted malicious, intentional, reckless at any times material to the allegations in plaintiff's Complaint. By way of further response, the averments contained in this paragraph state conclusions of law to which no answer is required.

80. Answering defendants specifically deny all allegations that they acted malicious, intentional, reckless at any times material to the allegations in plaintiff's Complaint. By way of further response, the averments contained in this paragraph state conclusions of law to which no answer is required.

81. Answering defendants specifically deny all allegations that they acted malicious, intentional, reckless at any times material to the allegations in plaintiff's Complaint. By way of further response, the averments contained in this paragraph state conclusions of law to which no answer is required.

82. Answering defendants specifically deny all allegations that they acted malicious, intentional, reckless at any times material to the allegations in plaintiff's Complaint. By way of further response, the averments contained in this paragraph state conclusions of law to which no answer is required.

PH042590.1

**WHEREFORE**, Township of Bristol, Police Officer Charles Burns, Police Officer Emily Eichensehr, Police Officer John Doe and Police Chief Tom Mills hereby demand that judgment be entered in their favor and against plaintiff(s), with an award of attorney's fees and costs associated with the defense of this litigation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject of Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to effect sufficient service of process upon this Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed for failure to cause a Summons to be issued within ten (10) days after filing the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations and/or Laches.

### SIXTH AFFIRMATIVE DEFENSE

This Defendant owned no duty to Plaintiff at the time of Plaintiff's alleged injuries.

### SEVENTH AFFIRMATIVE DEFENSE

This Defendant performed each and every duty owed to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, this Defendant acted in a reasonable and proper manner.

PH042590.1

**NINTH AFFIRMATIVE DEFENSE**

This Defendant at all times relevant hereto complied with all federal, state and local statutes, regulations and/or ordinances in effect.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from enforcing more astringent regulations and/or requirements than were in effect at the time of the alleged offense.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any injuries or damages allegedly sustained by Plaintiff was caused through the sole negligence of Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

The negligence, if any, on the part of Answering Defendant was not the proximate cause of any injuries or damages which may have sustained by the Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff are barred by his/her their failure to mitigate damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If the damages of plaintiff are true and proven, which are denied, then such damages were caused by conditions over which this Defendant had no control.

**FIFTEENTH AFFIRMATIVE DEFENSE**

If the damages of Plaintiff are true and proven, which are denied, then such damages were not caused by any conduct of Answering Defendant, which was secondary and passive, but were caused by the primary and active conduct of third parties over whom this Defendant had no control.

PH042590.1

**SIXTEENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff are barred by the doctrines of Arbitration and Award, estoppel res judicata, and/or waiver.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff are barred in whole or in part by the Single Controversy Doctrine.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over the person and/or corporation of Plaintiff's Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

This Defendant hereby reserves the right to interpose such other defenses as discovery may disclose.

**TWENTIETH AFFIRMATIVE DEFENSE**

Answering Defendants cannot be held liable under principles of qualified and/or absolute immunity.

**CROSSCLAIM AGAINST DEFENDANTS, COUNTY OF BUCKS, WARDEN J. ALLEN NESBITT, CORRECTIONAL OFFICER JOHN DOE #1, CORRECTIONAL OFFICER JOHN DOE #2, CAPTAIN JOHN DOE, SERGEANT JOHN DOE, LIEUTENANT JOHN DOE PURSUANT TO F.R.C.P. 13(g)**

Defendants, Township of Bristol, Police Officer Charles Burns, Police Officer Emily Eichensehr, Police Officer John Doe and Police Chief Tom Mills aver that if the Plaintiff sustained any compensable injuries or damages as alleged in Plaintiff's Complaint, said injuries and damages were caused by Co-Defendants, County of Bucks, Warden J. Allen Nesbitt, Correctional Officer John Doe #1, Correctional Officer John Doe #2, Captain John Doe, Sergeant John Doe, Lieutenant John Doe for reasons set forth in Plaintiff's Complaint which allegations are hereby incorporated by reference as if each of said allegations were more fully set forth herein at length.

PH042590.1

**WHEREFORE**, Defendants, Township of Bristol, Police Officer Charles Burns, Police Officer Emily Eichensehr, Police Officer John Doe and Police Chief Tom Mills aver that Co-Defendants, County of Bucks, Warden J. Allen Nesbitt, Correctional Officer John Doe #1, Correctional Officer John Doe #2, Captain John Doe, Sergeant John Doe, Lieutenant John Doe are liable, jointly or severally liable, or liable over to Defendants, Township of Bristol, Police Officer Charles Burns, Police Officer Emily Eichensehr, Police Officer John Doe and Police Chief Tom Mills on any recovery obtained by Plaintiffs.

By: _____
Malissa R. Sill, Esquire (I.D. # 80173)
**MARKS, O'NEILL,**
**O'BRIEN & COURTNEY, P.C.**
1880 John F. Kennedy Boulevard
Suite 1200
Philadelphia, PA 19103
(215) 564-6688
**Attorney for Defendants,**
**Township of Bristol, Police Officer Charles Burns,**
**Police Officer Emily Eichensehr, Police Officer**
**John Doe and Police Chief Tom Mills**

PH042590.1

## **VERIFICATION**

I, **MALISSA R. SILL, ESQUIRE**, hereby state that I am the attorney for Defendants, Township of Bristol, Police Officer Charles Burns, Police Officer Emily Eichensehr, Police Officer John Doe and Police Chief Tom Mills; that I have read the foregoing; and, the averments set forth therein are true and correct to the best of my knowledge, information and belief.

Further, I understand that this Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

BY: _____
**MALISSA R. SILL, ESQUIRE**
Attorney for Defendants, Township of Bristol,
Police Officer Charles Burns,
Police Officer Emily Eichensehr, Police Officer John
Doe and Police Chief Tom Mills

**PH042590.1**